# United States Court of Appeals for the Federal Circuit

06-1084, -1085

PAM, S.p.A.,

Plaintiff-Appellee,

and

JCM, LTD.,

Plaintiff,

v.

UNITED STATES,

Defendant-Appellant,

and

A.  ZEREGA'S & SONS, DAKOTA GROWERS PASTA CO.,
NEW WORLD PASTA CO., and AMERICAN ITALIAN PASTA CO.

Defendants-Appellants.

David L. Simon, Law Office of David L. Simon, of Washington, DC, argued for plaintiff-appellee.

David C. Smith, Jr., Collier, Shannon, Scott, PLLC, of Washington, DC, argued for defendants-appellants A. Zerega's & Sons, et al.  With him on the brief was Paul C. Rosenthal.

Patricia M. McCarthy Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC., argued for defendant-appellant United States.  With her on the brief were Peter D. Keisler, Assistant Attorney General, and David M. Cohen, Director.  Of counsel was Mykhaylo A. Gryzlov, Attorney International, Office of the General Counsel, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of Washington, DC.

Appealed from:  United States Court of International Trade

Judge Gregory W. Carman

# United States Court of Appeals for the Federal Circuit

06-1084, -1085

PAM, S.p.A.,

Plaintiff-Appellee,

and

JCM, LTD.,

Plaintiff,

v.

UNITED STATES,

Defendant-Appellant,

and

A. ZEREGA'S & SONS, DAKOTA GROWERS PASTA CO.,
NEW WORLD PASTA CO., and AMERICAN ITALIAN PASTA CO.,

Defendants-Appellants.

_____

DECIDED:  September 13, 2006

_____

Before MICHEL, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.

MICHEL, Chief Judge.

The United States and its co-defendants, various domestic pasta producers, appeal the final judgment of the United States Court of International Trade that the Department of Commerce's ("Commerce") latest administrative review of dumping by eight foreign pasta exporters, including PAM, S.p.A. ("PAM"), was void ab initio as to

PAM because the domestic petitioners failed to serve PAM as required by 19 C.F.R. § 351.303(f)(3)(ii). <u>PAM, S.p.A. v. United States</u>, 395 F. Supp. 2d 1337 (Ct. Int'l Trade 2005). In so holding, the Court of International Trade reasoned that strict compliance with section 351.303(f)(3)(ii) is required and that Commerce may not "relax or modify its regulations in this case." <u>Id.</u> at 1343. We disagree. Rescission of a completed administrative review is not a proper remedy for lack of service in this case because PAM did not demonstrate substantial prejudice. We therefore reverse the judgment voiding the review as to PAM and remand for adjudication on the merits of Commerce's final determination of further dumping by PAM, in view of the challenges set forth in PAM's complaint.

I.

On July 1, 2002, Commerce published in the Federal Register notice of an opportunity to request another (apparently the sixth) administrative review of certain pasta imported into the United States for possible changes in dumping margins and hence antidumping duties. On July 31, 2002, certain members of the domestic pasta industry, specifically A. Zerega's & Sons, Dakota Growers Pasta Co., New World Pasta Co., and American Italian Pasta Co. (collectively, "Zerega"), submitted a request for further administrative review of eight companies, including PAM, that were under dumping duty orders. Zerega served its request for review on some of the companies, but not on PAM.[1] On August 27, 2002, Commerce published in the Federal Register notice of its initiation of this review, as required by statute. This notice did list PAM. On

---

[1] Zerega explains that this omission occurred because it had inadvertently relied upon a list of companies involved in a previous administrative review that did not include PAM and four other exporters.

August 28, 2002, (i.e., the next day), counsel for PAM entered an appearance in Commerce's administrative review. On August 29, 2002, Commerce sent questionnaires to the foreign companies, including PAM.

On September 3, 2002, PAM notified Commerce that it had not been properly served by Zerega and requested a 29-day extension of time to file its response in order to "mitigate to some extent the harm to PAM."[2] PAM did not request rescission in this September 3 letter to Commerce. On September 27, 2002, Commerce granted PAM a two-week extension. On October 8, 2002, PAM requested another extension of three weeks, but again did not request rescission.[3] On October 18, 2002, Commerce gave PAM a 15-day extension, in effect granting the 29-day extension PAM had initially requested. Commerce later granted PAM at least six additional extensions of time.[4]

In August 2003, Commerce published the preliminary results of its review. It concluded that PAM was still dumping and to an even greater extent, finding that PAM had underreported its home sales. Commerce applied the highest antidumping margin, which resulted in higher duties payable by PAM. In February 2004, Commerce

---

[2] Although PAM requested an extension of 29 days, it was only 17 days between the time that Zerega should have served notice of its request for review on PAM (i.e., by August 10, 2002) and the time that Commerce published its notice of initiation of its review in the Federal Register (i.e., on August 27, 2002).

[3] It is unclear at what point PAM requested a rescission as opposed to merely an extension of time. It appears that PAM first requested rescission on September 22, 2003, in a Case Brief to Commerce, over a year after it first requested only an extension of time and approximately one month after the publication of preliminary results in which Commerce determined there was dumping by PAM.

[4] According to the record submitted on appeal, it appears that PAM requested and received additional extensions of time on: (1) February 21, 2003, (2) March 10, 2003, (3) April 17, 2003, (4) May 29, 2003, (5) July 3, 2003, and (6) August 18, 2003.

published its final results, affirming its preliminary results. PAM appealed to the Court of International Trade, arguing that the review was void ab initio under section 351.303(f)(3)(ii) due to the lack of service by Zerega. The Court of International Trade held that the review was void as to PAM, reasoning that: (1) the plain language of the regulation at issue divested Commerce of any discretion to relax its procedural rule on notice, and (2) the regulation at issue confers important procedural benefits upon foreign entities like PAM and therefore requires strict compliance.

The government and Zerega appeal, arguing that the Court of International Trade erred by: (1) not following the general rule of agency discretion in relaxing procedural rules, as described in American Farm Lines v. Black Ball Freight Service, 397 U.S. 532 (1970), and (2) not requiring a showing of substantial prejudice to PAM before rescinding Commerce's administrative review, as required by the Supreme Court in American Farm Lines and by the Federal Circuit in Kemira Fibres Oy v. United States, 61 F.3d 866, 875 (Fed. Cir. 1995) and Intercargo Insurance Co. v. United States, 83 F.3d 391, 394 (Fed. Cir. 1996). PAM responds that the Court of International Trade correctly held that Commerce must strictly enforce its notice regulation and lacks discretion to relax this rule, even if no prejudice is shown. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

II.

A.

The regulation at issue, entitled "Request for review," provides that:

[A]n interested party that files with the Department a request for . . . an administrative review . . . must serve a copy of the request on each exporter or producer specified in the request and on the petitioner by the end of the anniversary month or within ten days of filing the request for

06-1084, -1085                                          4

review, whichever is later. If the interested party that files the request is unable to locate a particular exporter or producer, or the petitioner, the Secretary may accept the request for review if the Secretary is satisfied that the party made a reasonable attempt to serve a copy of the request on such person.

19 C.F.R. § 351.303(f)(3)(ii) (emphasis added).

The threshold issue is whether PAM was required to show substantial prejudice. PAM asserts that a showing of substantial prejudice may only be required if the regulation at issue does not confer an important procedural benefit on the foreign companies. Section 351.303(f)(3)(ii), it asserts, does confer important procedural benefits on foreign companies, namely, transparency, notice, and procedural fairness. Thus, PAM argues, an agency must strictly enforce this regulation, whether or not the foreign company was prejudiced.

The government counters that this regulation is merely intended to facilitate the orderly transaction of business before the agency. It gives foreign companies a few weeks advance notice before Commerce notifies them by publishing in the Federal Register. The government also responds that substantial prejudice must be shown even if the regulation does confer an important procedural benefit. We agree with the government that the Court of International Trade should have conducted an analysis of whether PAM proved substantial prejudice, regardless of whether the regulation confers an important procedural benefit on foreign companies. Because no such analysis was done here, we reverse. We further find, on this record, that no substantial prejudice was shown as a matter of law.

Although PAM contends that American Farm Lines requires a showing of substantial prejudice to the reviewed party only if the regulation does not confer an

important procedural benefit, we do not agree. Rather, <u>American Farm Lines</u> states that it is a "general principle" that agencies may relax or modify their procedural rules and teaches that a subsequent agency action is only rescindable "upon a showing of substantial prejudice." 397 U.S. at 539. Nor does our own precedent read <u>American Farm Lines</u> as PAM suggests. Both <u>Kemira</u> and <u>Intercargo</u> discussed whether substantial prejudice was shown. Yet, neither opinion addressed whether the regulation at issue confers an important procedural benefit nor implied that the lack thereof was a prerequisite to requiring a showing of substantial prejudice.

Indeed, PAM's reading of <u>American Farm Lines</u> seems to defy common sense. Even if a regulation is intended to confer an important procedural benefit, if the failure of a party to provide notice as required by such a regulation does not prejudice the non-notified party, then we think neither the government, the non-serving party, nor the public should be penalized for such a failure. PAM's reading also defies logic. <u>American Farm Lines</u> states: "The rules were <u>not</u> intended primarily to confer important procedural benefits upon individuals. . . . Thus there is <u>no</u> reason to exempt this case from the general principle that '[i]t is always within the discretion of a court or an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it.'" 397 U.S. at 538-39 (citations omitted and emphases added). It does not necessarily follow that if a given rule <u>is</u> intended primarily to confer important procedural benefits upon individuals then there <u>is</u> a reason to exempt it from agency discretion.[5] That is,

---

[5] PAM's reasoning reflects a common error in logic. That is, given the statement: if not A, then not B, one might infer the reverse conditional statement: if A, then B. The second statement, however, does not logically follow from the first.

even if a rule <u>does</u> confer important procedural benefits upon individuals, there may still be a reason—such as lack of substantial prejudice—to allow a court or administrative agency to relax or modify the rule. Quite simply, the Supreme Court in <u>American Farm Lines</u> was not contemplating (and did not opine on) situations in which the rule in question <u>did</u> confer important procedural benefits on individuals. Rather, it only discussed circumstances in which the rule did <u>not</u> confer important procedural benefits, as those were the facts in that case. Thus, we need not decide whether section 303.351(f)(3)(ii) confers such a benefit because we believe that substantial prejudice still must be shown.

B.

The real question, then, is whether PAM proved that it was substantially prejudiced by Zerega's lack of service, which delayed its notification by several weeks. <u>See</u> <u>Am. Farm Lines</u>, 397 U.S. at 539 (requiring "a showing of substantial prejudice") (citations omitted); <u>Intercargo</u>, 83 F.3d at 396 (reversing and remanding because we were "unable to discern any prejudice" caused by Commerce's failure to strictly comply with 19 U.S.C. § 1504(a) in publishing its notice of an antidumping review); <u>Kemira</u>, 61 F.3d at 875 (reasoning that because the notice requirement of 19 C.F.R. § 353.25(d)(4) was "merely procedural, Kemira must establish that it was prejudiced by Commerce's non-compliance with this requirement").

Here, PAM received constructive and actual notice of the review by publication in the Federal Register, a mere 17 days after the petition for administrative review should have been served by Zerega. PAM neither claims nor attempts to show that Zerega's failure to serve it impeded its ability to respond to and defend its interests in the

administrative review. Instead, PAM asserts in attorney argument, in purely conclusory fashion, that it suffered prejudice because "Commerce never granted any of PAM's extension requests in full and so never enabled PAM fully to catch up from the harm occasioned by the original failure of service." Appellee's Br. at 39. Yet, the <u>total</u> amount of additional time Commerce granted to PAM via eight extensions far <u>exceeded</u> the 17 days PAM lost due to the lack of service by Zerega. Indeed, even the first two extensions alone compensated for the 17-day delay in notice to PAM. All in all, PAM was allowed more than enough time to "catch up."

PAM did not suffer substantial prejudice as required by <u>American Farm Lines</u>, <u>Intercargo</u>, and <u>Kemira</u>. This is clearly established as a matter of law. The multiple extensions of time it was later granted by Commerce far exceeded the 17-day delay in notification caused by Zerega's failure to comply with 19 C.F.R. § 351.303(f)(3)(ii).

### III.

The Court of International Trade erred in voiding ab initio the administrative review as to PAM on the grounds that strict compliance with the regulation is required and that Commerce may not relax its procedural rules. Supreme Court and Federal Circuit precedent dictate that substantial prejudice must be shown to overturn an agency review where the agency exercised its discretion to relax a regulation concerning notice. Since PAM has failed to make such a showing, we reverse the judgment and remand for further proceedings on the merits.

<u>REVERSED and REMANDED</u>.