**Slip Op 10-70**

**UNITED STATE COURT OF INTERNATIONAL TRADE**

| |
|---|
| **UNITED STATES,** |
| Plaintiff, |
| v. |
| **UPS CUSTOMHOUSE BROKERAGE, INC.,** |
| Defendant. |

**Before:  Gregory W. Carman, Judge**

Court No. 04-00650

[*Plaintiff's Motion for Reconsideration of the Court's January 28, 2010 Judgment is DENIED.*]

Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, U.S. Department of Justice, Civil Division, Commercial Litigation Branch (Jessica R. Toplin, Courtney S. McNamara); Edward Greenwald, of counsel, Department of Homeland Security, U.S. Customs and Border Protection; for Plaintiff.

Akin Gump Strauss Hauer & Feld LLP (Terence J. Lynam, Lars-Erik A. Hjelm, Natalya Daria Dobrowolsky, Lisa-Marie W. Ross, Thomas James McCarthy), for Defendant.

June 17, 2010

**OPINION & ORDER**

**CARMAN, JUDGE:**  The United States has moved under USCIT Rule 59 for reconsideration of the Court's January 28, 2010 Opinion and Order and the accompanying Judgment for Defendant, United States v. UPS Customhouse Brokerage, Inc., 34 CIT ___, 686 F. Supp. 2d 1337 (Jan. 28, 2010) ("Post-Appeal Decision").  The

challenged decision followed a decision of the Court of Appeals for the Federal Circuit

("CAFC"), United States v. UPS Customhouse Brokerage, Inc., 575 F.3d 1376 (Fed. Cir.

2009) ("CAFC Decision"), which partially vacated and partially remanded this Court's

earlier Judgment for Plaintiff following a bench trial, United States v. UPS Customhouse

Brokerage, Inc., 32 CIT ___, 558 F. Supp. 2d 1331 (2008) ("Post-Trial Decision").

Familiarity with these prior opinions is assumed.

## PARTIES' CONTENTIONS

### I.   The United States

Plaintiff asserts errors as follows, which it claims require reconsideration:

#### A.   Argument 1:  A New Controlling Legal Standard Required Remand or Reopening Trial

This argument consists of two propositions:  that (a) the CAFC Decision

announced a new controlling legal standard regarding the correct interpretation of 19

C.F.R. § 111.1 ("§ 111.1"), and (b) that this Court erred by not providing Plaintiff a

chance to satisfy that new legal standard by either taking further trial evidence from

Plaintiff, or by remanding for administrative proceedings consistent with the new

standard.  (Pl.'s Mot. for Reconsideration, Doc. No. 126 ("Motion") at 4-7.)

#### B.   Argument 2:  The Court Improperly Construed Customs Regulations

The government claims that the Court exceeded its proper role in the Post-

Appeal Decision when it interpreted various Customs regulations without the benefit of agency interpretation or briefing, and compounded this error by incorrectly concluding that Plaintiff could not prove its case absent evidence that the Fines, Penalties, and Forfeitures Officer ("FP&F Officer") Bert Webster personally considered all ten § 111.1 factors. (Id. at 7-9.)

### C.      Argument 3: Customs' Error Was Harmless and Correctable at Trial De Novo Absent Proof of Substantial Prejudice

This argument stems from Argument 1—that the CAFC Decision merely announced the correct new legal standard governing the interpretation of § 111.1. According to the United States, this Court erred in holding Customs' prior misinterpretation of the regulation to be a procedural irregularity that nullified the agency's penalty action against Defendant UPS Customhouse Brokerage, Inc. ("UPS"). (Motion at 9-10.) Plaintiff argues (without conceding) that if the agency's failure to consider all of the § 111.1 factors was procedural, that error was harmless, and that the Court should therefore reopen the trial, take new evidence, and consider the § 111.1 factors de novo on the augmented trial record and in light of the "new" legal standard. (Id. at 10-11; Pl.'s Reply in Supp. of Its Mot. for Reconsideration, Doc. No. 128 ("Reply") at 6-9) (both citing Empire Energy Mgmt. Sys. v. United States, 362 F.3d 1343 (Fed. Cir. 2004)).) Plaintiff also argues that evidence of substantial prejudice is required to set

aside, due to procedural noncompliance, an agency action, but that UPS presented no such evidence.  (Motion at 12 (citing Am. Farm Lines v. Black Ball Freight Serv., 397 U.S. 532, 539 (1970); Dixon Ticonderoga Co. v. United States, 468 F.3d 1353, 1357 (Fed. Cir. 2006); PAM, S.p.A. v. United States, 463 F.3d 1345, 1349 (Fed. Cir. 2006); Reply at 3, 8-9.)

II.     UPS

A.     Argument 1

UPS claims that Plaintiff's Argument 1 improperly reiterates points already raised and rejected in the Post-Appeal Decision.  (Brief of UPS Customhouse Brokerage, Inc. in Opp'n to Pl.'s Mot. for Reconsideration, Doc. No. 127 ("Def.'s Opp.") at 4-5.) UPS attacks the idea that the CAFC Decision's interpretation of § 111.1 is "new" with citations to two Customs Headquarters Rulings that long ago reached the same conclusion about § 111.1 as the CAFC Decision.  (Id. at 5 (citing HQ 225010 (July 21, 1994), 1994 U.S. Custom HQ LEXIS 1645, at *7 and HQ 115005 (May 2, 2000), 2000 U.S. Custom HQ LEXIS 906, at *5).)

B.     Argument 2

On Argument 2, UPS notes that Plaintiff only contests the Court's method, not the conclusions of its regulatory analysis; and, regardless of the FP&F Officer's proper role, Plaintiff failed to present evidence that anyone considered all of the § 111.1 factors. (Id. at 8-9.)

### C.      Argument 3

On Argument 3, UPS contends that Plaintiff's error was procedural since 19 U.S.C. § 1641(d)(2)(A) requires consideration of the § 111.1 factors and, as the CAFC Decision stated, "Customs did not consider all ten factors listed in 19 C.F.R. § 111.1." (Id. at 10 (quoting CAFC Decision, 575 F.3d at 1383).)  UPS argues that the precise nature of Plaintiff's error is irrelevant in any case, since "neither Customs nor the government presented evidence . . . that the agency considered all of the section 111.1 factors."  (Id.)  As to substantial prejudice, UPS states that prejudice "is what this entire case is about," and that UPS has argued all along that proper consideration of all ten § 111.1 factors would show UPS not to be liable.  (Id. at 11.)

### STANDARD OF REVIEW

Although the Court's rules do not explicitly provide for a motion for "reconsideration," such motions are ordinarily accepted and analyzed under USCIT R. 59.  See, e.g., Peerless Clothing Intern., Inc. v. United States, 33 CIT ___, 637 F. Supp. 2d 1253, 1255-1256 (2009).  The granting of a motion for reconsideration is within the sound discretion of the Court.  See Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); Canadian Wheat Board v. United States, 33 CIT ___, 637 F. Supp. 2d 1329, 1333 (2009).  "The major grounds justifying a grant of a motion to reconsider a judgment are an intervening change in the controlling law, the availability

of new evidence, the need to correct a clear factual or legal error, or the need to prevent

manifest injustice." Almond Bros. Lumber Co. v. United States, 34 CIT ___, 2010 WL

1409656 at *4 (2010) (citing NSK Corp. v. United States, 32 CIT ___, 593 F. Supp. 2d 1355,

1361 (2008) and USCIT R. 59(a)(2).)  A motion for reconsideration is thus a mechanism

to correct a significant flaw in the original judgment, but is not a mechanism to "allow a

losing party the chance to repeat arguments or to relitigate issues previously before the

court." Peerless Clothing, 637 F. Supp. 2d at 1256 (citations omitted).

## DISCUSSION

Plaintiff's claim in Argument 1 simply reiterates arguments already elaborated in

prior briefs to the Court and rejected in the Post-Appeal Decision.  Plaintiff's claim in

Argument 2 that the Court erred by interpreting Customs regulations and basing its

holding on the role of the FP&F Officer does not merit reconsideration because the

Court's analysis of the FP&F Officer's role was not essential to the Post-Appeal

Decision.  Argument 2 is therefore irrelevant to the core reasoning upon which the

Court issued its judgment.  Plaintiff's claim in Argument 3 that the Court should have

found Custom's administrative error in applying § 111.1 to be harmless, and refused to

enter judgment for Defendant absent a showing of substantial prejudice, is based on

citations to inapposite case law.  Argument 3 also ignores the fact that the Post-Appeal

Decision was entirely driven by a careful analysis and application of the specific

directives of the CAFC Decision issued in <u>this particular case</u>. Plaintiff's motion for reconsideration is therefore denied.

I. **Argument 1: Plaintiff Attempts to Relitigate Issues Already Decided**

Plaintiff's contentions in Argument 1 are identical to arguments Plaintiff already made in briefing to the Court before the Court issued the Post-Appeal Decision, and are therefore rejected as improper attempts to relitigate under the guise of a motion for reconsideration.

A. **The Court Already Rejected the Argument that the CAFC Decision Announced a Surprising New Interpretation of § 111.1**

The Court has already considered and squarely rejected Plaintiff's main contention—that the CAFC Decision constituted a new legal standard controlling § 111.1, which Plaintiff could not have anticipated before trial. Post-Appeal Decision, 686 F. Supp. 2d 1337, 1355 ("The Court also rejects Plaintiff's contention that the Court of Appeals' opinion constituted a change in the law regarding 19 C.F.R. § 111.1 and should excuse Plaintiff's failure to prove its case at trial.") The Court's reasoning on this issue has already been set forth at length, based upon detailed consideration of the record of proceedings from summary judgment through opening statements at trial. <u>Id.</u> at 1355-1356. It is also true, as UPS points out, that the CAFC Decision is consistent with Customs Headquarters Rulings issued long before the trial, undercutting Plaintiff's

claim that it could not have anticipated the CAFC Decision's interpretation of § 111.1.

See HQ 225010 (July 21, 1994), 1994 U.S. Custom HQ LEXIS 1645, at *7; HQ 115005 (May

2, 2000), 2000 U.S. Custom HQ LEXIS 906, at *5.

> **B.      The Court Already Rejected Plaintiff's Request for Evidentiary
> Proceedings or Remand to Satisfy the "New" Interpretation of § 111.1**

The second part of Argument 1 is that the Court erred in refusing to take further

evidence from Supervisory Import Specialist and Trade Enforcement Coordinator Lydia

Goldsmith relating to the alleged "new" legal standard governing § 111.1.  Plaintiff's

contention is that it has never had a chance to present evidence satisfying the correct

legal standard, and that the Court wrongly foreclosed Plaintiff from presenting its

evidence on the assumption that the CAFC Decision made a factual finding that

Customs did not consider each § 111.1 factor.  Plaintiff argues that it must be given a

chance to prove its case because the CAFC Decision did not foreclose the issue by

engaging in "improper appellate fact-finding."  (Motion at 9-10.)

The Court has already rejected in detail and at length Plaintiff's contention that it

had no opportunity to present evidence satisfying the correct legal standard.  Post-

Appeal Decision, 686 F. Supp. 2d at 1352-66.  For example, the Court noted the many

occasions before trial on which the parties debated, and the Court explicitly left open,

the question of the correct interpretation and application of § 111.1, ultimately

concluding that

> Plaintiff knew well in advance of trial that the success of its
> case could depend upon establishing evidence to satisfy either
> of the two potential outcomes on the applicability of the § 111.1
> factors [i.e. whether or not demonstrating each factor was
> mandatory].  No flaw in the trial prevented Plaintiff from
> doing then what it seeks to do now: putting on a witness to
> testify regarding the consideration given to the ten factors of
> § 111.1.

Id. at 1354.

Plaintiff conjures an overblown nightmare scenario to support its insistence that it

was entitled to rely upon the interpretation of § 111.1 that was rejected in the CAFC

Decision:  "the Court has ruled that the Government was required to present multiple

cases-in-chief to satisfy all possible interpretations of the agency's own regulations, no

matter how unreasonable those interpretations may have been."  (Motion at 5.)  This is

not at all accurate.  The debate between the parties here was specific and related to one

central issue:  whether Customs was required to consider all ten § 111.1 factors.  The

Post-Appeal Decision only indicated that Plaintiff had no excuse for failing to present

evidence—which it now claims to have had all along, and offers through one of the

witnesses it called at trial—regarding those ten factors.  Post-Appeal Decision, 686 F.

Supp. 2d at 1356.

Plaintiff contends that the Post-Appeal Decision ruled that Plaintiff must adduce

proof going to interpretations "no matter how unreasonable." But the CAFC Decision ultimately determined that the government's preferred interpretation—that the § 111.1 phrase "will consider" should not be read as mandatory—was the unreasonable interpretation. See 575 F.3d 1376, 1382. This Court only upheld that interpretation after trial on the mistaken belief that it was required to do so by principles of deference to agency interpretation. See Post-Trial Decision, 558 F. Supp. 2d 1331, 1353.

The second part of Argument 1 also ignores that a finding of fact based on the trial record has already been made on the issue of whether Customs considered all of the § 111.1 factors—by this Court. The Post-Appeal Decision stated the finding "that Plaintiff did not establish at trial that the appropriate Customs officer considered the § 111.1 factors when deciding whether to impose penalties upon UPS." 686 F. Supp. 2d at 1351-52. Although this finding was based primarily on the absence of relevant testimony from the FP&F Officer,[1] the Court also considered Plaintiff's proposal to present further testimony from Ms. Goldsmith. After examining the trial transcript in detail, the Court found that any testimony Ms. Goldsmith offered at new proceedings for the purpose of proving that Customs considered all of the § 111.1 factors simply could not be consistent with her prior sworn statements. Id. at 1357-58. The Court is

---

[1] Plaintiff contends that the Court improperly construed the FP&F Officer's role, which the Court addresses below.

certainly not obliged to accept proffered testimony that would be inconsistent with prior sworn statements given to the Court by the same witness. The need for further proceedings was consequently foreclosed because this Court was able to make sufficient factual findings on the trial record before it, and not by relying on any alleged "appellate fact-finding" in the CAFC Decision.

Plaintiff asked, in the alternative, for remand "to allow [Customs] to apply the newly announced standard at the administrative level in the first instance." (Reply at 9.) The Court already considered extensive case law in addressing Plaintiff's alternative request for remand—which was argued even more forcefully by UPS in briefing prior to the Post-Appeal Decision—and squarely rejected that relief. Post-Appeal Decision, 686 F. Supp. 2d at 1358-1366.

## II. Argument 2: The Post-Appeal Decision Did Not Hinge on Improper Construal of Regulations Regarding the FP&F Officer's Role

The government misreads the Post-Appeal Decision when it argues that the Court committed manifest error by relying on interpretations of Customs regulations without agency input and improperly determining that evidence was required that the FP&F Officer, Bert Webster, personally considered all of the § 111.1 factors.

The Court did not base its interpretation of the role of the FP&F Officer solely upon regulatory analysis. The Court also reached its conclusions based on a close

examination of the testimony of Ms. Goldsmith regarding the FP&F Officer's role. Post-Appeal Decision, 686 F. Supp. 2d at 1356-57 (finding that Ms. Goldsmith's testimony established that the FP&F Officer was the relevant decision-maker in the penalty procedure). The Court's finding was, in this regard, based on the Court's role as the finder of fact, and not only on the statute and the regulations interpreting that statute.

The Court does not believe that it acted incorrectly in examining the statutory and regulatory scheme, or that it was mistaken as to the correct role of the FP&F Officer in penalty proceedings. Even if the Court erred in either of these ways, however, the outcome of the case would remain the same. As the post-trial finder of fact, the Court has found that Plaintiff, without adequate excuse, failed to prove at trial that Customs (by its FP&F Officer, Supervisory Import Specialist and Trade Enforcement Coordinator, or any other officer, for that matter) considered all ten § 111.1 factors, and thus failed to demonstrate that it was entitled to recover penalties against UPS.

### III. Argument 3: Customs' Procedural Error Was Not Harmless, Customs Failed to Correct It at Trial De Novo, and Substantial Prejudice Need Not Be Shown

Plaintiff contends in Argument 3 that the Court should have held Custom's failure to consider all ten § 111.1 factors to be harmless error, and as a consequence should have taken further testimony in order to fulfill its obligation to make findings of fact regarding whether the ten § 111.1 factors were satisfied. Plaintiff contends that

entering judgment for the Defendant was inappropriate in this context because

Defendant did not prove substantial prejudice resulting from error.

The Court cannot do what Plaintiff urges. This Court's Post-Trial Decision

initially embraced a harmless error analysis, but the CAFC Decision, reversing-in-part,

rejected that very approach. Plaintiff cites inapposite case law from the CAFC and

urges the Court to follow those cases, ignoring the specific directives regarding this case

given to this Court in the CAFC Decision. Finally, Plaintiff urges a substantial prejudice

analysis that is neither required nor consistent with the CAFC's mandate. Argument 3

therefore establishes no basis for reconsideration.

### A. Errors Regarding § 111.1 Were Dispositive, Not Harmless

Plaintiff contends that Customs committed no error in applying § 111.1, but even

if it did, the error could not determine the outcome of the trial. Plaintiff cites Empire

Energy Mgmt. Sys., Inc. v. Roche, 362 F.3d 1343 (Fed. Cir. 2004) ("Empire Energy") for

the proposition that procedural failures in administrative proceedings, where they can

be corrected in a later de novo court proceeding, are non-fatal. (Motion at 10; Reply at

5, 7.) According to Plaintiff, the Court must undertake its own analysis of whether the

§ 111.1 factors were met. (Motion at 10 ("[e]rrors at the agency level do not absolve the

trial court of its responsibility to apply the facts found at trial to the proper legal

standard and determine whether the Government can carry its burden"); Reply at 5

("[t]he Court itself is to apply the 10 factors in section 111.1 <u>de novo</u>, based upon the judicial record.").)

Empire Energy is inapposite. Empire Energy reviewed a contract to construct a power facility for the military, which the military administratively terminated; the plaintiff appealed in part on the basis that "the contracting officer did not conduct an analysis or form a subjective belief that the conditions for default termination were satisfied." <u>Empire Energy</u>, 362 F.3d at 1356. The CAFC rejected this argument, indicating that court review of the termination decision was an objective inquiry to decide whether termination "was reasonable given the events that occurred before the termination decision was made," and emphasized that the subjective beliefs of the contracting officer were not relevant. <u>Id.</u> at 1357-58. The CAFC upheld the termination in <u>Empire Energy</u> because the finding of the administrative appeals board was supported by facts showing that the plaintiff did not make reasonable progress in performing under the contract (which was not the basis of the officer's termination decision). An objective review of the facts supported the officer's decision even where that review did not support the officer's subjective reason for reaching that decision. <u>Id.</u> at 1358.

Empire Energy thus bears no direct relevance to the case at hand, in which both this Court and the CAFC have been obliged to examine the 19 U.S.C. § 1641(d)(2)(A)

procedure for imposing monetary penalties upon customs brokers, and associated regulation 19 C.F.R. § 111.1, which lists ten specific factors that Customs "will consider" when imposing such monetary penalties. The relevance of the subjective beliefs of the Customs decision maker are not at issue here, and neither is the termination of military contracts.

Plaintiff, nonetheless, urges the Court to extend Empire Energy to this case, arguing that Empire Energy stands for the proposition that "it does not matter what [FP&F Officer] Bert Webster did or did not do because UPS is protected by the de novo standard of review in this Court." (Reply at 7-8.) Extending Empire Energy in such a manner, and treating the § 111.1 failure in this case as harmless, might be possible—had the CAFC not specifically rejected such an approach in the CAFC Decision, as already detailed in the Post-Appeal Decision and further discussed below.

The analysis advocated by Plaintiff is, in fact, essentially a paraphrase of the approach adopted by this Court in its initial Post-Trial Decision. The Post-Trial Decision, although couching its discussion in the language of deference to Customs' interpretation of § 111.1, held that Customs' failure to consider all ten factors did not preclude recovery and directly analyzed what the Court saw as the relevant § 111.1 factors on the basis of the trial record. See 558 F. Supp. 2d 1331, 1352-54 (finding on the trial record that, despite (a) UPS's very low rejection rate and (b) UPS training programs

in response to Customs warnings (two relevant § 111.1 factors), UPS failed to exercise

responsible supervision and control).  It need not be emphasized that, when the CAFC

reversed-in-part on this very issue, the CAFC was fully aware of Empire Energy.  Had

the CAFC determined that the failure of Customs to consider each § 111.1 factor was

irrelevant, and that this Court was to make its own findings on the § 111.1 factors de

novo, the CAFC would not have reversed this Court's decision and judgment on those

issues.

In issuing the Post-Appeal Decision and Judgment, concluding that the failure of

the United States to prove that Customs considered each § 111.1 factor was fatal to

recovery, this Court closely examined and hewed to the specific language of the CAFC

Decision.  For example, the Post-Appeal Decision quoted the CAFC Decision at length

and examined the precise nature of the errors identified there—committed by both

Customs and by this Court.  686 F. Supp. 2d at 1345-1350.  The CAFC Decision reversed-

in-part this Court's judgment specifically on the basis that "the Court of International

Trade erred in upholding [Customs'] determination that UPS did not exercise

responsible supervision and control in violation of 19 U.S.C. § 1641."  575 F.3d at 1378.

The CAFC further specified that it vacated the "portion of the Court of International

Trade's judgment" which upheld the penalties, since "Customs did not consider all ten

factors listed in 19 C.F.R. § 111.1," which meant that Customs' "determination that UPS

violated 19 U.S.C. § 1641 was improper." Id. at 1383. Thus, the Court concluded, based on the specific language of the CAFC Decision, that the Court's own consideration of the § 111.1 factors did not cure the error, and that the Court could not uphold Custom's penalty decision unless Plaintiff could prove that Customs had itself considered the ten § 111.1 factors. The factors going into this rationale are explained in depth in the Post-Appeal Decision and will not be repeated here.

### B.      Substantial Prejudice to Defendant Not Required Here

Plaintiff's final claim is that Customs' failure to consider all of the § 111.1 factors was, if error at all, a "procedural" error, and that the penalty action thus cannot be set aside absent a showing that UPS was substantially prejudiced by the error. (Motion at 12 (citing, inter alia, Intercargo Insurance Co. v. United States, 83 F.3d 391, 395 (Fed. Cir. 1996).)

The first response to this argument is, again, that Plaintiff's desired result conflicts with the language of the CAFC Decision. The CAFC Decision reversed-in-part the judgment of this Court specifically on the grounds that "the Court of International Trade erred in upholding [Customs'] determination that UPS did not exercise responsible supervision and control" since "Customs did not consider all ten factors listed in 19 C.F.R. § 111.1," and therefore Customs' "determination that UPS violated 19 U.S.C. § 1641 was improper." 575 F.3d at 1378, 1383. Had the CAFC intended that

Customs' error should be characterized as a harmless procedural shortcoming, remediable only on a showing of substantial prejudice, the CAFC would have applied its own precedent (cited by Plaintiff) regarding such errors. The CAFC did not do so, however.

An examination of the cases cited by Plaintiff suggests why. All of the cases cited by Plaintiff involved notice or service requirements. Violation of "timing requirements" that were "merely procedural aids" was judged harmless. Dixon, 468 F.3d at 1355 n.1. Failure to comply with a service regulation did not require "[r]ecission of a completed administrative review" absent substantial prejudice. PAM, 463 F.3d at 1346. A minor defect in extension notices was harmless. Intercargo, 83 F.3d at 394-397. And an agency was permitted to relax regulatory requirements intended to assist agency decision-making, not protect individual litigants, in an urgent situation. American Farm Lines, 397 U.S. at 538-39.[2]

The regulation here, § 111.1, in contrast to the regulations at issue in the above-cited cases, is not a notice or service requirement. It is also not a regulation benefitting the agency, "relaxed" in this case for reasons of urgency. Section 111.1, to the contrary,

---

[2] It is also notable that none of the cases cited by Plaintiff involved a trial court's finding that the plaintiff failed to prove its case being set aside by an appeals court on the basis that the defendant did not show "substantial prejudice" from that failure. Simply stating the idea reveals its absurdity.

cuts to the core of Customs' penalty case against UPS by partially defining the manner in which Customs may decide whether UPS is liable.  The government cites no precedent that violation of such a regulation is presumptively harmless absent a showing of substantial prejudice; the Court will instead continue to follow the only precedent relevant to the decision of <u>this</u> case:  the CAFC Decision, <u>United States v. UPS Customhouse Brokerage, Inc.</u>, 575 F.3d 1376 (2009).

### CONCLUSION

The Court has not committed "multiple and manifest errors" as alleged by Plaintiff (Motion at 1)—but would do so if it were to ignore the language of the CAFC Decision and grant this motion.  The Court rejects Plaintiff's arguments because they (1) have already been presented to, and rejected by, this Court; (2) are inapplicable to the extent that they misread the basis for the Court's decision; and (3) urge the Court to ignore the specific directives of the CAFC regarding <u>this particular case</u>.

For the above reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration is denied.

                                                      /s/Gregory W. Carman
                                                    Gregory W. Carman

Dated:          June 17, 2010
                New York, New York