Slip Op. 16 - 40

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SUNTEC INDUSTRIES CO., LTD., | : |
| Plaintiffs, | : |
| v. | : Before: R. Kenton Musgrave, Senior Judge |
| UNITED STATES, | : Court No. 13-00157 |
| Defendant, | : |
| and | : |
| MID CONTINENT NAIL CORP., | : |
| Defendant-Intervenor. | : |

## OPINION

[Granting the defendant's motion for summary judgment.]

Decided: April 21, 2016

*Mark B. Lehnardt*, Attorney, Antidumping Defense Group, LLC, of Washington, DC, and *Brian R. Soiset*, Attorney, of Shanghai, PRC, for the plaintiff.

*Stephen C. Tosini*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for the defendant. On the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of counsel on the brief was *Michael T. Gagain*, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

*Adam H. Gordon*, Attorney, The Bristol Group PLLC, of Washington, DC, for the defendant-intervenors.

Musgrave, Senior Judge:  This matter is before the court on the plaintiff's motion for summary judgment and the defendant's cross-motion for judgment on the agency record or, in the alternative, summary judgment, regarding *Certain Steel Nails from the People's Republic of China; Final Results of Third Antidumping Administrative Review*; *2010-2011*, 78 Fed. Reg. 16651 (Mar. 18, 2013) ("*AR3 Final*").  In bringing this action, the plaintiff Suntec Industries Co., Ltd. ("the plaintiff" or "Suntec") seeks to rescind the results of the *AR3 Final* as applied to Suntec, or to permit Commerce to reopen the record and permit Suntec to submit a separate rate certification for the third antidumping administrative review ("AR3").  Pl's Mot. for Summ. J. and Brief on Substantial Prejudice ("Pl's Br."), ECF No. 77, 24-25.  Familiarity with the prior opinion, *Suntec Industries Co., Ltd. v. United States*, 37 CIT ___, 951 F. Supp. 2d 1341 (2013) ("*Suntec I*") is presumed.

In *Suntec I*, the court denied the motion of the defendant United States ("the defendant" or "the government") to dismiss for lack of jurisdiction or failure to state a claim upon which relief can be granted and determined to exercise jurisdiction over the case under 28 U.S.C. §1581(I).  *Suntec I*, 37 CIT at ___, 951 F. Supp. 2d at 1347-48.  Further, the court determined that Suntec should "have its day in court for further explanation of [its] claim" that Suntec suffered substantial prejudice resulting from its alleged lack of notice.  *Suntec I*, 37 CIT at ___, 951 F. Supp. 2d at 1355.

Here, Suntec claims that it was substantially prejudiced because it never received actual notice of the *Request for Review* prior to the AR3 nor actual notice of the initiation of the AR3, and that the court should therefore enter summary judgment in its favor.  The defendant argues that the court should enter summary judgment for the defendant because Suntec fails to offer

evidence that it was substantially prejudiced given its constructive notice of the initiation of the AR3. For the reasons that follow, the court grants the defendant's motion for summary judgment.

*Background*

Briefly, on August 1, 2011, the defendant United States' International Trade Administration, Department of Commerce ("Commerce") published a notice in the Federal Register of the opportunity to request review of companies subject to antidumping duty orders including the order on certain steel nails from the People's Republic of China ("PRC"). *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review*, 76 Fed. Reg. 45773 (Aug. 1, 2011) ("*Request for Review*"). On August 31, 2011, petitioners Mid Continent Nail Corporation ("Mid Continent") requested review of PRC companies including Suntec. On October 3, 2011, Commerce published a notice of initiation in the Federal Register of the AR3, which included Suntec among the companies listed for review. *Initiation of Antidumping and Countervailing Duty Administrative Reviews and Requests for Revocations in Part*, 76 Fed. Reg. 61076 (Oct. 3, 2011) ("*Notice of Initiation*"). Suntec claims, and the defendant does not contest, that Suntec only received actual notice of its inclusion in the reviewed companies in the AR3 in March 2013 following the release of the *AR3 Final*.

*Standard of Review*

As discussed in *Suntec I*, this court exercises jurisdiction under 28 U.S.C. §1581(I) over Suntec's challenge to Commerce's decision to initiate review of Suntec in the AR3. *Suntec I*, 37 CIT at ___, 951 F. Supp. 2d at 1347-48. In exercising such jurisdiction, the court reviews the matter under the scope of review provided in section 706 of the Administrative Procedure Act ("APA"). *See* 28 U.S.C. §2640(e). Accordingly, "[t]o the extent necessary to decision and when

presented," the court "shall decide all relevant questions of law" and "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . without observance of procedure required by law." *See generally* 5 U.S.C. §706; *see also Fedmet Res. Corp. v. United States*, 39 CIT ___, ___, 77 F. Supp. 3d 1336, 1339 (2015). The court will not set aside agency action for procedural errors unless the error is prejudicial to the party seeking to have the action set aside. *Sea-Land Serv., Inc., v. United States*, 14 CIT 253, 257, 735 F. Supp. 1059, 1063 (1990), *aff'd and adopted*, 923 F.2d 838 (Fed. Cir. 1991) (internal citations and quotes omitted).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* USCIT R. 56(a). "Where, as here, parties cross-move for summary judgment, each party carries the burden on its own motion to show entitlement to judgment as a matter of law after demonstrating the absence of any genuine disputes over material facts." *Am. Fiber & Finishing, Inc. v. United States*, 39 CIT ___, ___, 121 F. Supp. 3d 1273, 1279 (2015), quoting *Massey v. Del Labs., Inc.*, 118 F.3d 1568, 1573 (Fed. Cir. 1997) (internal quotes omitted). "Once it is clear there are no material facts in dispute" and the case at hand "hinges on pure questions of law, resolution by summary judgment is appropriate." *Canadian Wheat Bd. v. United States*, 32 CIT 1116, 1121, 580 F. Supp. 2d 1350, 1356 (2008), *opinion clarified on denial of reconsideration*, 33 CIT 1204 (2009), *aff'd*, 641 F.3d 1344 (Fed. Cir. 2011). A motion for summary judgment is appropriate in this case because Suntec is not challenging the final results of an administrative review. *See Michaels Stores, Inc. v. United States*, 37 CIT ___,

___, 931 F. Supp. 2d 1308, 1313 (2013) (finding summary judgment appropriate where plaintiff was challenging liquidation and cash deposit instructions, not the administrative review itself). As there is no genuine dispute of material facts before the court[1], resolution by summary judgment is appropriate.

*Discussion*

I

Motions for summary judgment must be supported by "particular parts of materials in the record, including . . . affidavits or declarations" and affidavits or declarations "used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." USCIT R. 56(c)(1), (4); *see also Humane Soc. of United States v. Brown*, 20 CIT 277, 307, 920 F. Supp. 178, 201 (1996) (to be successful on a motion for summary judgment, "the plaintiff . . . must set forth by affidavit or other evidence specific facts which for purposes of the summary judgment motion will be taken to be true").

While the defendant makes several unsuccessful evidentiary arguments as to why the affidavits proffered by Suntec should not be admissible at trial[2], it does not squarely dispute the facts

---

[1] The plaintiff and the defendant have cross-moved for summary judgment, and a statement of stipulated facts has been submitted by each party. Pl's Br. at 3 (Suntec contends there is no genuine dispute of material facts), Attachment A (contains statement of facts); Def's Opp'n to Suntec's Mot. for Summ. J. and Cross-Mot. for J. on Administrative Record, ECF No. 85 ("Def's Opp'n"), 3-6 (statement of uncontroverted facts); *see also* Joint Status Report (Jan. 20, 2015), ECF No. 63 ("the parties have agreed to stipulate facts").

[2] The government relies upon evidentiary arguments to keep Suntec's affidavits from being considered by the court. It alleges that none of the five declarations that Suntec submits meets the
(continued...)

contained therein.  When considering a motion for summary judgment, "[i]f a party fails to properly

address another party's assertion of fact, that assertion of fact may be deemed undisputed for

purposes of the motion." *Am. Power Pull Corp. v. United States*, 37 CIT ___, ___, 121 F. Supp. 3d

1296, 1298-99 (2015) (internal quotes omitted), quoting USCIT R. 56(e)(2).  Suntec has submitted

affidavits that are based on personal knowledge, set out admissible facts, demonstrate competency

by the affiants, are made under penalty of perjury, and are said to be "true".  *See* USCIT R. 56(c)(1),

(4) and 28 U.S.C. §1746; *see also, e.g., Kersting v. United States*, 865 F. Supp. 669, 676 (D. Haw.

1994) (finding unsworn documents satisfy statutory requirements if made under penalty of perjury

and state that documents are true).  The court will therefore consider the affidavits proffered by

Suntec part of the record before the court for purposes of review of the parties' cross-motions for

summary judgment.

II

It is a "general principle that agencies may relax or modify their procedural rules . . .

when in a given case the ends of justice require it" and that a subsequent agency action is only

---

[2] (...continued)
standards set forth by 28 U.S.C. §1746, that Suntec fails to lay any evidentiary foundation for the
emails submitted in support of its motion, and that the emails themselves are hearsay.  Def's Opp'n
at 13-15.  However, this line of argument is unavailing because under the standard for summary
judgment as provided in USCIT R. 56(c)(4), an affidavit or declaration used to support a motion
must be made on personal knowledge, set out facts that would be admissible at trial, and show that
the affiant or declarant is competent to testify on the matters stated.  Suntec, through its full set of
affidavits submitted in its opening brief and its later response and reply briefs, has submitted
evidence that would be admissible at trial -- though not necessarily in the form in which it is
submitted here, *see Celotex*, 477 U.S. at 324 ("[w]e do not mean that the nonmoving party must
produce evidence in a *form* that would be admissible at trial in order to avoid summary judgment")
-- and are made on personal knowledge.  Further, there is no reason apparent to the court why the
affiants would not be competent to testify at trial if so required.  The defendant's arguments as to
the admissibility of Suntec's submitted supporting documents are therefore unpersuasive.

rescindable "upon a showing of substantial prejudice to the complaining party." *American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 538-39 (1970); *PAM SpA v. United States*, 463 F.3d 1345, 1348 (Fed. Cir. 2006) ("*PAM*"). "A party is not 'prejudiced' by a technical defect simply because that party will lose its case if the defect is disregarded. Prejudice . . . means injury to an interest that the statute, regulation, or rule in question was designed to protect." *Intercargo Ins. Co. v. United States*, 83 F.3d 391, 396 (Fed. Cir. 1996) (citations omitted); *see also Guangdong Chems. Imp. & Exp. Corp. v. United States*, 30 CIT 85, 95, 414 F. Supp. 2d 1300, 1310 (2006). The party must plead the prejudice suffered from the procedural error. *United States v. Great Am. Ins. Co. of NY*, 35 CIT ___, ___, 791 F. Supp. 2d 1337, 1354-59 (2011), *aff'd sub nom United States v. Great American Ins. Co. of New York*, 738 F.3d 1320 (Fed. Cir. 2013). "Generalized claims of injury" without "a fact-specific demonstration of injury to an interest that the notice provisions were designed to protect" cannot establish evidence of substantial prejudice arising from a lack of notice. *Great American*, 35 CIT at ___, 791 F. Supp. 2d at 1354-59 (internal citations omitted).

In order to succeed on its motion here, Suntec must demonstrate how it was substantially prejudiced by Commerce's non-compliance with the notice requirements under 19 C.F.R. §351.303(f)(3)(ii). *Id.*; *Kemira Fibres Oy v. United States,* 61 F.3d 866, 875 (Fed. Cir. 1995) ("*Kemira*") (reasoning that because the notice requirement of 19 C.F.R. §353.25(d)(4) was "merely procedural, Kemira must establish that it was prejudiced by Commerce's non-compliance with this requirement"); *PAM*, 463 F.3d at 1349 (same as regards 19 C.F.R.§353.303(f)(3)(ii)); *Intercargo*, 83 F.3d at 396 (same as regards 19 C.F.R. §159.12). In so claiming, Suntec must support its motion with fact-specific arguments that will survive the summary judgment standard. Further, Suntec must

demonstrate that any injury suffered is injury to an interest the regulation is intended to protect. *Intercargo,* 83 F.3d at 396.

Suntec repeatedly argues that it did not have actual notice[3] of the third administrative review until March 9, 2013 after an importer notified it by email of the release of the *AR3 Final* naming Suntec as subject to the PRC-wide rate (prior to publication in the Federal Register). Pl's Br. at 9; Pl's Resp. at 9; Pl's Reply at 4, 15. This line of argumentation is not relevant to the resolution of the substantial prejudice issue. Here, as in *Suntec I*, Suntec conflates the two notices relevant to the question of substantial prejudice: the *Request for Review* notice by Mid Continent to Suntec, and the *Notice of Initiation* published by Commerce in the Federal Register. The court addressed both notices in *Suntec I*, finding that while Commerce unlawfully initiated the review despite not having received adequate certificate of service from petitioners, Suntec had constructive

---

[3] "Actual notice" is a legal term of art which refers to "notice given directly to, or received personally by, a party" and, for a request for review as in the case before us, it must be achieved through personal service by the petitioner. *See Dusenbery v. United States*, 534 U.S. 161, 170 n.5 (2002), citing Black's Law Dictionary 1087 (7th ed.1999). "Constructive notice is information or knowledge of a fact imputed by law to a person . . . because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it. Every person who has actual notice of circumstances sufficient to put a prudent [person] upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry [they] might have learned such fact." *Transcom Inc. v. United States*, 121 F. Supp. 2d 690, 701, n.10, citing Black's Law Dictionary 1061 (6th ed. 1990). Further, *Suntec I* explains that "19 U.S.C. §1675(a) unambiguously provided for the mechanism of constructive notice through publication in the Federal Register to notify an interested party that a review is being initiated." *Suntec I*, 37 CIT at ___, 951 F. Supp. 2d at 1350. Suntec had constructive notice of the AR3 as of the date of publication of the Notice of Initiation (i.e. from October 3, 2011 on).

notice[4] of the review as of the date of publication of the *Notice of Initiation* (*i.e.,* Oct. 3, 2011).

*Suntec I*, 37 CIT at ___, 951 F. Supp. 2d at 1350-52.

As the defendant correctly observes, Def's Opp'n at 7-8, because Suntec had constructive notice of the review initiated against it as of October 3, 2011, Suntec can only have suffered substantial prejudice in this matter during the period of time between the date of the *Request for Review* (August 31, 2011) and the date of publication of the *Notice of Initiation* (October 3, 2011) (*i.e.*, a period of 34 days prior to the initiation of the AR3). *See PAM*, 463 F.3d at 1349 (the 17-day delay between the date of failure by petitioners to properly notify plaintiff and plaintiff's receipt of actual and constructive notice by publication in the Federal Register was the relevant period of time in assessing a similar question of substantial prejudice). Suntec must therefore demonstrate how it was substantially prejudiced during the 34-day delay in notification.

---

[4] The plaintiff argues Suntec had no actual knowledge or actual notice of the initiation of the AR3 because the Notice of Initiation published in the Federal Register imputed knowledge only to those geographically located within the United States. Pl's Brief at 19, citing 44 U.S.C. §§1507, 1508. However, as this and other courts have held, "prior involvement in antidumping duty proceedings concerning the same subject merchandise gives rise, *a fortiori*, to an interest in monitoring for publication of the annual notice of opportunity to request review" or, as in this case, a notice of initiation. *Huaiyang Hongda Dehydrated Vegetable Co. v. United States,* 28 CIT 1944, 1949, Slip Op. 04-148 (Nov. 22, 2004) ("*Hongda*"), referencing *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947). Also, "all industries or businesses availed of the 'substantial privilege' of doing business within the United States are chargeable with knowledge of its laws and the manner of their execution to maintain public order." *Hongda,* 28 CIT at 1949; *see also Cathedral Candle Co. v. U.S. Int'l Trade Comm'n*, 27 CIT 1541, 1549 n.10, 285 F. Supp. 2d 1371, 1378 n.10 (2003) ("[i]t is well established by both statutes and cases that the publication of an item in the Federal Register constitutes constructive notice of anything within that item") (citations omitted). Suntec participated in the original antidumping investigation and in each of the prior reviews, and therefore was cognizant of its interest in monitoring the Federal Register for publications relevant to its business. Suntec is not excused from its constructive notice because of its geographical location.

III

Suntec presents little fact-specific evidence to support its argument that it was substantially prejudiced during the 34-day delay, and in doing so fails to demonstrate that it is entitled to judgment as a matter of law. First, Suntec argues repeatedly that it was "impeded . . . from preparing and presenting its case, or otherwise responding to Commerce or defending its interests". Pl's Br. at 2, 11, 13, 16. However, as the Court of Appeals for the Federal Circuit ("Federal Circuit") determined in *PAM*, an alleged loss of preparation time prior to the initiation of an administrative review does not constitute substantial prejudice when the reviewed entity had constructive notice of the initiation. *PAM*, 463 F.3d at 1349-50 (a 17-day delay in notice between a request for review and an initiation did not prejudice the reviewed entity); *see also NSK Ltd. v. United States*, 28 CIT 1535, 1549, 346 F. Supp. 2d 1312, 1326 (loss of "preparation time . . . does not constitute such substantial prejudice that a remand is required on this issue").

Suntec also argues that it "lost its separate status and its cash-deposit rate increased from 21.24% to 118.04%". Pl's Mot. at 2. However, the loss of separate status and inclusion in the China-wide rate apparently resulted from Suntec's failure to submit a separate rate certification to Commerce following the *Notice of Initiation*, not from the deficient notice of the *Request for Review* or from any act or failure to take action during the 34-day delay. *See Suntec I*, 37 CIT at ___, 951 F. Supp. 2d at 1354-55 ("Suntec's alleged prejudice [pertaining to lost customers] is not prejudice of the pertinent kind, because it does not stem from deficient notice of the review request, but instead from Suntec's choice not to respond to the [*Notice of Initiation*] despite receiving sufficient constructive notice"); *Intercargo*, 83 F.3d at 396; *see also NSK*, 28 CIT at 1545-49, 346 F. Supp. 2d at 1323-26 (plaintiff claimed delay may have been reason for increase in dumping margin; court

reasoned that because plaintiff had notice through initiation, no substantial prejudice was suffered).

The *Notice of Initiation* provided, in part,

> All firms listed below that wish to qualify for separate-rate status in the administrative reviews involving NME countries must complete, as appropriate, either a separate-rate application or certification, as described below. For these administrative reviews, in order to demonstrate separate-rate eligibility, the Department requires entities for whom a review was requested, that were assigned a separate rate in the most recent segment of this proceeding in which they participated, to certify that they continue to meet the criteria for obtaining a separate rate . . . Separate Rate Certifications are due to the Department no later than 60 calendar days after publication of this Federal Register notice . . . Separate Rate Status Applications are due to the Department no later than 60 calendar days of publication of this Federal Register notice.

*Notice of Initiation*, 76 Fed. Reg. at 61077 (Oct. 3, 2011). Suntec was aware of this 60-day deadline because it had constructive notice of the initiation and therefore cannot claim having suffered substantial prejudice as a result of lack of notice prior to the initiation.

Suntec's reliance on the court's holding in *Hide-Away* is unavailing. *Hide-Away Creations Ltd. v. United States*, 6 CIT 310, 577 F. Supp. 1021 (1983). In *Hide-Away*, Commerce made a final determination in a countervailing duty investigation and stated that in accordance with 19 U.S.C. §1675, Commerce intended to conduct an administrative review within twelve months of the order publication date, which Commerce later initiated without further notice. The court held that a mere statement of intent to conduct a review within twelve months of the countervailing duty order without notice of specific date of initiation was inadequate to give notice to the plaintiffs, and such error resulted in substantial prejudice to the plaintiffs. *Hide-Away*, 6 CIT at 317-18, 577 F. Supp. at 1026-27. Here, by contrast, Commerce improperly initiated the review against Suntec, *Suntec I*, 37 CIT at ___, 951 F. Supp. 2d at 1350, but it properly notified all parties in the timely

published *Notice of Initiation* which specified the date of commencement of the review and gave constructive notice to the interested parties. The facts of this case are distinguished from *Hide-Away*, and the plaintiff cannot reasonably rely on that case's outcome to govern here.

In furtherance of its substantial prejudice argument, Suntec asserts that "[i]f Suntec had been sent notice of the review, as required by law, its history of meticulous preparation (even being verified) leaves no doubt as to what it would have done. Suntec would have participated in the review, just as it had in the investigation, prior two reviews, and subsequent three reviews". Pl's Br. at 14. Suntec argues that the procedural error resulted in "the inability to present evidence directly related to Suntec's separate rate status." Pl's Br. at 16. However, as observed above, any harm apparently accruing to Suntec because of its failure to participate in the review or to present evidence related to separate rate status does not result from the lack of notice during the aforementioned 34-day delay. At best, despite acknowledging Commerce's unlawful initiation of the AR3 and Suntec's lack of actual notice, *Suntec I*, 37 CIT at ___, 951 F. Supp. 3d at 1350, the court can only be sympathetic to Suntec's plight, given the state of the law.

Suntec has not sufficiently pled how it was substantially prejudiced during the relevant 34-day period in light of the Federal Circuit's proclamation in *PAM* that "if the failure of a party to provide notice as required by such a regulation does not prejudice the non-notified party, then we think neither the government, the non-serving party, nor the public should be penalized for such a failure." *PAM*, 463 F.3d at 1348. Because substantial prejudice has not been shown, the court need not reach any issue of harmless error. *Sea-Land*, 14 CIT at 257, 735 F. Supp. at 1063 (it is "well settled that courts will not set aside agency action for procedural errors unless the errors were prejudicial to the party seeking to have the action declared invalid").

Suntec has not demonstrated that it suffered substantial prejudice as a result of the 34-day delay in notification of the AR3 and therefore cannot "show" the court that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23 ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . [i]n such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial") (internal quotes omitted).

*Conclusion*

For the foregoing reasons, the court denies Suntec's motion for summary judgment and grants the government's motion for summary judgment. Judgment shall enter accordingly.

/s/  R. Kenton Musgrave

R. Kenton Musgrave, Senior Judge

Dated: April 21, 2016

New York, New York